AE
FILED
SEP 15 2005
SEP 15 2005
JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EPONINE J. SMITH FREDERIC,

    Plaintiff,

v.

NORTHWESTERN MEMORIAL HOSPITAL,

    Defendant.

Case No. 04 C 4443

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Plaintiff Eponine J. Smith Frederic (hereinafter, "Plaintiff") filed suit against Defendant Northwestern Memorial Hospital (hereinafter, "Defendant") based on Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and the Americans with Disabilities Act of 1990 (the "ADA"), id. § 12101. Before the Court is Defendant's motion to strike Plaintiff's requests for compensatory and punitive damages in Counts I (retaliation) and II (retaliatory discharge) of the Second Amended Complaint (the "Complaint").

### I. BACKGROUND

Defendant filed a motion to dismiss Plaintiff's complaint. On June 7, 2005, the Court dismissed the Title VII portion of Count I (retaliation), dismissed Count III (sexually hostile work environment), and Count VI (intentional infliction of emotional distress). Defendant also filed a motion for judgment on the pleadings on Counts IV (disability discrimination) and V (failure

to accommodate), both exclusively implicating the ADA. The Court granted the motion with respect to particular time-barred allegations, but denied the motion with respect to judgment on the claims. Thereafter, Counts I, II, IV, and V remained.

On August 16, 2005, the Court granted Plaintiff's motion for reconsideration of Count III. The Court found that the new documents presented satisfied the underlying policy of notice to Defendant and the EEOC of Plaintiff's claim involving a sexually hostile work environment. Accordingly, the Court reinstated Count III of the complaint.

## II. **DISCUSSION**

Defendant now asks the Court to strike Plaintiff's requests for compensatory and punitive damages in Counts I and II of the complaint because only the ADA portion of those Counts remain. Plaintiff, however, counters that her request for compensatory and punitive damages in Counts I and II are proper because the Court implicitly reinstated the Title VII portions of those Counts when it granted Plaintiff's reconsideration motion on Count III. Neither party is entirely correct.

Under the ADA, a Plaintiff can only recover certain equitable relief, such as back pay, for a retaliation claim. *Kramer v. Banc of Am. Securities, LLC*, 335 F.3d 961, 964 (7th Cir. 2004)(citing to 42 U.S.C. § 12117). In *Kramer*, the Seventh Circuit determined what types of damages are available in an ADA retaliation claim by

examining the interrelated statutory sections of the 1964 Civil Rights Act, 42 U.S.C. § 2000e-5(g)(1), the 1991 Civil Rights Act, § 1981a(a)(2), and the ADA, § 12117. *Id.* The court held that both compensatory and punitive damages are unavailable to a plaintiff alleging retaliation under the ADA. *Id.* at 965 (stating that "the remedies available for ADA retaliation claims against an employer are limited to the remedies set forth in § 2000e-5(g)(1)").

Here, in ruling on Defendant's motion to dismiss, the Court dismissed the Title VII portions of Count I leaving only the ADA retaliation claim. The Court denied Defendant's motion to dismiss Count II because Defendant's arguments were predicated on Plaintiff's First Amended Complaint, which did not attach Plaintiff's April 15, 2004 EEOC Charge III. (*See* Def. Mtn. to Dismiss Reply Br., at 4 n.4). However, on May 19, 2005, Plaintiff filed her Second Amended Complaint, which included EEOC Charge III and formed the basis for Count II of retaliatory discharge. Consequently, the Court left Plaintiff's retaliatory discharge claim intact.

Contrary to Plaintiff's assertions, the Court did not implicitly reinstate the Title VII portions of Counts I and II when it granted Plaintiff's reconsideration motion on Count III. Plaintiff filed for reconsideration solely and specifically on Count III. The documents attached to Plaintiff's motion supported reconsideration of Count III -- her claims of sexual harassment by

supervisor Dan Curran and notice to the EEOC of those claims. The claim of a sexually hostile work environment is separate and distinct from claims of retaliation and retaliatory discharge. *See Norieul v. Peabody Coal Co.*, 96 F.3d 254, 259 (7th Cir. 1996); (*see also* June 7, 2005 Order at 8-9). Further, Plaintiff's EEOC Charge II, dated July 18, 2003, specifically refers only to retaliation based on the ADA charge. The charge states that "I believe I have been . . . retaliated against for filing a charge of discrimination in violation of the Americans with Disabilities Act of 1990" -- and indeed she did file such charge based on her alleged disability (EEOC Charge I). Therefore, those sex-related portions of Count I were not reinstated by the Court's August 16, 2005 Order, but Count II remained after the Court's June 7, 2005 ruling on Defendant's motion to dismiss.

The law is clear on damages in cases involving retaliation claims under the ADA. The Court notes that Plaintiff's complaint requests "compensatory" damages and "any other relief this Court deems just and appropriate," but does not specifically request punitive damages in Counts I or II. (Compl. ¶¶ 43, 50). Consequently, Plaintiff's request for compensatory damages on Count I is stricken from the complaint, but remains for Count II, with respect to the Title VII claims. Accordingly, Defendant's motion is **granted in part** and **denied in part**.

For purposes of further clarification, the Court notes that Plaintiff's complaint and EEOC Charges II (July 18, 2003) and III (April 15, 2004) also refers to discrimination against her based upon race and national origin. (See Def. Mtn. to Strike Br. at 2 n.2). Plaintiff's EEOC charges, however, recite these grounds without any factual support. She checked the box marked "race" and "national origin" and stated that "I believe that I have been discriminated against because of my race, Black . . . and national origin, West Indian. . . ." (See Compl., Exh. C (EEOC Charge III, which is substantively similar to EEOC Charge II)). The charges bare-bones allegations do not have the requisite specificity to sustain a claim on either ground. See Cheek v. W. & S. Life Ins. Co., 31 F.3d 497, 500-02 (7th Cir. 1994)(holding that a plaintiff cannot bring claims in a lawsuit that were not included in the earlier EEOC charge, which "at minimum, describe[s] the *same conduct* and implicate[s] the *same individuals*"). Further, while Plaintiff's complaint specifically references a sexually hostile work environment and disability discrimination, it does nothing to indicate any predicate for the race and national origin claims. Consequently, the Court finds that there is no basis for retaliation allegations based on race or national origin under Counts I and II and any such claims are dismissed from Plaintiff's complaint. (See Compl. ¶¶ 37, 45).

## III. CONCLUSION

For the reasons stated herein, Defendant's Motion to Strike Plaintiff's Requests for Compensatory and Punitive Damages in Counts I (retaliation) and II (retaliatory discharge) is **granted in part** and **denied in part**.

The Court also finds that there is no basis for the retaliation allegations based on race or national origin under Counts I and II and any such claims are dismissed from Plaintiff's complaint.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Dated:     September 15, 2005